IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICK EUGENE LEATH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-056-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Patrick Eugene Leath, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

On December 4, 2012, in the 29th Judicial District Court, Palo Pinto County, Texas, a jury found Petitioner guilty of aggravated sexual assault of a child, and the trial court assessed his punishment at 40 years' confinement and a $2500 fine. (Adm. R., Clerk's R. 79, ECF No. 23-3.) Petitioner appealed his conviction, but the Eleventh Court of Appeals of Texas dismissed the appeal as

frivolous and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (*Id.,* Mem. Op. 2-3, ECF No. 23-1.) *See also* Texas Judicial Branch, No. PD-0692-13, at www.search.txcourts.gov. Petitioner also filed a state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals. (*Id.*, Action Taken, ECF No. 23-19.)  This federal petition followed.

Testimony elicited at trial reflected that on or about May 13, 2012, "K.L.," Petitioner's 12-year-old step-daughter spent the night with Petitioner and her mother "K." As K.L. lay between the two in bed, Petitioner tried to kiss K.L., touched her under her clothes, and inserted his finger in her vagina, while her mother, who was heavily medicated, slept. (*Id.,* Reporter's R., vol. 4, 10-11 & 107-08.) K.L. made an outcry to her sister, "T.L.," approximately 17 days later. (*Id.* at 38-39.) K.L.'s  sexual assault exam was normal. (*Id.* at 105.) At trial, T.L., one of the investigating officers, and the sexual-assault nurse examiner testified. K.L. did not testify, and the defense called no witnesses.

## II.  ISSUES

Petitioner raises six grounds alleging ineffective assistance of trial counsel. (Pet. 6-7, ECF No. 8 & Attach. 3-5, ECF No. 8-3.) The claims are construed as follows: counsel was ineffective by:

    (1)  failing to obtain a ruling on his motion to make the state "bring forth" K.L. as a witness at trial;

2

    (2)    "writing" an affidavit in the state habeas proceeding stating that he chose to waive Petitioner's constitutional right to confront and cross-examine his accuser;

    (3)    failing to call Petitioner's wife, K. (K.L.'s mother), to testify at trial;

    (4)    writing a letter to the Texas Court of Criminal Appeals to dismiss Petitioner's state-habeas application;

    (5)    failing to conduct an adequate investigation; and

    (6)    failing to strike juror number 36 for cause.

(Pet. 6-7, ECF No. 8; Attach. 2, ECF No. 8-2; Attach. 3-5, ECF No. 8-3.)[1]

### III.  RULE 5 STATEMENT

Respondent believes that Petitioner has sufficiently exhausted his state-court remedies as to the claims raised and that the petition is not time-barred or subject to the successive-petition bar. (Resp't's Answer 5, ECF No. 32.) A closer examination of the record, however, reveals that one or more of Petitioner's grounds for relief are raised for the first time in this federal petition. *See Magouirk v. Phillips,* 144 F.3d 348, 358 (5th Cir. 1998) (providing a federal court may raise procedural default sua sponte).

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*,

---

[1]The Court declines to consider any new claims and/or legal argument raised for the first time in Petitioner's rebuttal brief.

169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed v. Stephens,* 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003)).

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner may typically satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas post-conviction proceeding. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner concedes that he raises his third and fourth grounds, enumerated above, for the first time in this federal petition but explains that the claims were not presented before because "these grounds were in the affidavit" of trial counsel filed in the state-habeas proceedings. (Pet. 8, ECF No. 8.) With no

4

explanation, Petitioner's second, fifth, and sixth grounds were also raised for the first time in this federal petition. Accordingly, grounds two through six are unexhausted for purposes of § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review of the claims absent a showing of cause and prejudice or that a fundamental miscarriage of justice will result from the Court's refusal to consider the claims. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997).

In a pair of recent decisions, the United States Supreme Court has recognized a narrow exception to the procedural-default doctrine where a federal habeas-corpus petitioner can make a showing that his failure to exhaust available state remedies on a federal constitutional claim of ineffective assistance by trial counsel resulted from deficient performance on the part of the petitioner's state habeas counsel. *See Martinez v. Ryan,* 132 S. Ct. 1309 (2012) ("Inadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial); *Trevino v. Thaler,* 133 S. Ct. 1911 (2013). In *Trevino*, the Court reaffirmed the narrow focus of its holding in *Martinez:* "In *Martinez v. Ryan,* . . ., this

5

Court held that 'a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino,* 133 S. Ct. at 1912.

Petitioner was represented by counsel on state habeas review. Therefore, the question becomes whether Petitioner's unexhausted ineffective-assistance-of-trial-counsel claims are substantial–*i.e.,* that the claims have merit, and whether Petitioner's state-habeas counsel was ineffective for not raising the claims. *Trevino,* 133 at 1921. To establish an ineffective-assistance claim, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Petitioner claims that counsel filed a "Motion to Require Child to Testify" but was ineffective by stating in his affidavit that *he*

6

chose, as opposed to his client, to waive Petitioner's right to confront and cross-examine the victim. Petitioner is correct to the extent that counsel did file the motion, however Petitioner misstates counsel's affidavit. Counsel states that he "chose not to push the issue of having the child victim testify" based upon the result of his investigation and belief that calling the victim as a witness would merely bolster the state's evidence, *see infra.* (Adm. R., State Habeas R. 115-17, ECF No. 23-21.) Clearly, counsel's decision not "to push" the matter was strategic. Such decisions by counsel are virtually unchallengeable and generally do not provide a basis for habeas relief. *Strickland,* 460 U.S. at 691; *Drew v. Collins,* 964 F.2d 411, 423 (5th Cir. 1992).

Petitioner claims trial counsel was ineffective by failing to call his wife K., K.L.'s mother, as a witness. Counsel, however, explained in his affidavit that he decided not to call K. after discussing the case with her on the telephone. Counsel avers in his affidavit that she—

> sounded extremely medicated. Her speech was slurred and she did not respond to my questions in a normal manner. This led me to ask her whether she was intoxicated or on medication. She told me that she was medicated but she was taking her medications according to her prescriptions. This concerned me because the complainant's outcry to her older sister included a statement that the mother was on medication during the incident and would not wake up. K.'s physical condition at the time that I interviewed her by telephone concerned me as it potentially supported the veracity of the complainant's outcry.

(Adm. R., State Habeas R. 116, ECF No. 23-21.) Petitioner provides

7

no credible evidence indicating what K. would have testified to or how her testimony would have benefitted his defense. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative." *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978)). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983). This Court will not assume that witnesses from whom no affidavits are presented would have testified favorably for the defense.

Petitioner claims counsel was ineffective by writing a letter to the Texas Court of Criminal Appeals "demanding that the writ of habeas corpus 11.07 be dismissed on his client." (Pet. 7, ECF No. 8.) The Court finds no such letter in the record. Instead, it appears Petitioner misconstrues a letter his state habeas counsel sent to Petitioner stating:

> Unfortunately, the trial court has received an affidavit from your trial attorney and has recommended to the Court of Criminal Appeals that the writ be denied. A copy of the documents I received is enclosed.

(Pet'r's Orig. Pet., Ex. 3, ECF No. 1.) The trial court, and not trial counsel, made the recommendation that Petitioner's state habeas application be denied. This claim has no factual basis and is

8

frivolous.

Petitioner claims trial counsel did not adequately investigate the case. Counsel states in his affidavit that he interviewed Capt. Craig Goen, one of the investigating officers, about the case and the two witnesses Petitioner wanted him to contact, K. and S.J., about the truthfulness of the victim. Counsel also reviewed the forensic interview video numerous times and spoke to Petitioner. (Adm. R., State Habeas R. 115-17, ECF No. 23-21.) Petitioner fails to allege with specificity what a more thorough investigation would have revealed and how it would have altered the outcome of his trial. *United States v. Green,* 882 F.2d 999, 1002-03 (5th Cir. 1989). Conclusory allegations of ineffective assistance do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983).

Finally, Petitioner claims counsel was ineffective by failing to challenge or strike venireperson number 36, who ultimately sat on the jury. During voir dire, outside the presence of the other veniremembers, the following exchange took place:

> VENIREPERSON 36:   I think the Court needs to be aware that I have a son that was convicted of a similar crime and is serving in prison. I don't' feel like necessarily that makes me an impartial juror. I didn't want to come here without y'all knowing that.
>
> THE COURT:   Okay.
>
> VENIREPERSON 36:   I feel like -- actually, I see the family. It was all in the family. I could probably -- I am very open to how serious this is. The family, the tragedy involved.

9

     And also it -- I'm not -- I don't' have that -- I don't know -- prejudice that some people might have.

 THE COURT: Well, I sure think you did –

 VENIREPERSON 36: I just wanted –

 THE COURT: I sure think you did the right thing to tell us about that. But the bottom-line question that the attorneys and I would have is, can you set that aside -- that experience aside and be a fair and impartial juror in this case.

 VENIREPERSON 36: It's caused me a little stress to sit here, but I've kind of worked through it, and I really thought about it, and I believe that I could be fair.
   . . .

 TRIAL COUNSEL: You mentioned it caused you little bit of stress. What makes you think, when you start hearing evidence, that the stress won't return?

 VENIREPERSON 36: That's what I said. It's caused me some stress.

 TRIAL COUNSEL: You're going to hear evidence:

 VENIREPERSON 36: Yes. My son -- it's my son that was involved. He didn't have a trial. It was a plea bargain. He was guilty. He was, you know . . .

 TRIAL COUNSEL: Under stress. I guess the question is, you're not under stress right now, correct?

 VENIREPERSON 36: No, I'm fine.

 TRIAL COUNSEL: But under stress of reviving those memories and everything, are you going to be able to be impartial and render a -- you know, your decision based on impartiality and not based on the stress that you're under?

 VENIREPERSON 36: My honest opinion is, do I really -- would this be the type of trial that I would choose -- I mean, to be a part of? No. But can I put aside everything and be fair and honest? I believe -- yes.

10

(Adm. R., Reporter's R., vol. 3, 86-88, ECF No. 23-8.)

Petitioner claims that he expressed his concerns about the potential juror to counsel but counsel ignored his concerns because he believed the juror could be fair and impartial and because he believed the juror would be a "good juror because of all the problems she was having with all this." (Pet., Attach. 4, ECF No. 8-3.) Based on the juror's own indication, it was reasonable for counsel to believe the juror harbored no actual bias and, in fact, might be sympathetic to the defense. *See Virgil v. Dretke,* 446 F.3d 598, 608-10 (5th Cir. 2006). Nothing in the record indicates that the juror's experience prevented or substantially impaired her performance as a juror in accordance with her instructions and oath. *United States v. Scott,* 159 F.3d 916, 925-26 (5th Cir. 1998).

Petitioner has failed to show that his unexhausted ineffective-assistance-of-trial-counsel claims have merit or that state habeas counsel was ineffective by not raising the claims in his state habeas application. *Trevino,* 133 at 1921. Nor has he demonstrated that a miscarriage of justice will result if the Court does not consider the claims. Consequently, the exceptions to the procedural-default doctrine have no application to his unexhausted ineffective-assistance-of-trial-counsel claims. Petitioner grounds two through six are therefore procedurally barred from the Court's review.

**IV.   LEGAL STANDARD FOR GRANTING HABEAS-CORPUS RELIEF**

11

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *See* 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both express and implied findings of fact. *Valdez v. Cockrell,* 274 F.3d 941, 948 (5th Cir. 2001). When the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). A petitioner has the burden of rebutting the presumption of correctness by clear and convincing

12

evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

### V.   DISCUSSION

The Supreme Court recently set out in *Harrington v. Richter* the standard under which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a federal habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of Petitioner's ineffective-assistance claim under his first ground was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner claims trial counsel was ineffective by failing to obtain a ruling on his motion to make the state "bring forth" K.L.

13

as a witness at trial. Trial counsel responded to the claim, *in toto,* as follows:

> In his allegation contained in Ground One, Applicant claims I rendered ineffective assistance of counsel for filing a Motion to Require the Child to Testify but never asking for a ruling on the motion. Counsel did not ask for a ruling on the matter as his trial preparation led him to believe that doing so would lead to negative evidence being presented against Mr. Leath.
>
> During my investigation, I spoke with Captain Craig Goen of the Palo Pinto County Sheriff's Department about his investigation as well as Deputy Lusk's. He indicated that the child complainant was very credible and would be a good witness. Further, he indicated to me that no one made an allegation that the complainant was not to be believed [during] the investigation.
>
> Further, at Mr. Leath's request, I contacted K., his wife and her mother S.J. to determine their assessment of whether the complainant in this case was credible with her allegations against Mr. Leath and to assess their possibility as witnesses during the trial.
>
> K., during the telephone conversation sounded extremely medicated. Her speech was slurred and she did not respond to my questions in a normal manner. This led me to ask her whether she was intoxicated or on medication. She told me that she was medicated but she was taking her medications according to her prescriptions. This concerned me because the complainant's outcry to her older sister included a statement that the mother was on medication during the incident and would not wake up. K.'s physical condition at the time that I interviewed her by telephone concerned me as it potentially supported the veracity of the complainant's outcry.
>
> I then spoke with S.J., K.'s mother and asked her whether she thought the complainant was making the story up. She adamantly told me she believed Mr. Leath actually did it. I asked her how that was so and she told me that the girls present at the house were not joking around or jovial when they came back into the house after complainant made her outcry. She questioned the girls when they came in about why they were upset but all refused to tell her. S.J. ultimately found out what was said and

14

> indicated to me that Mr. Leath was lucky she did not find out because she would have beaten him with a broomstick. Throughout this conversation she maintained that she believed the complainant and continued to blame Mr. Leath for his alleged actions. Further, she told me that she was very upset that someone would allege that the complainant and the girls were making the story up and maintained that that person would be lying if they did.
>
> Next, I reviewed the CAC interview of the complainant victim on multiple occasions and I did not see anything that appeared to be inconsistent with her original outcry. She looked poised and appeared very confident in what she was doing under the circumstances.
>
> Under those circumstances, I chose not to push the issue of having the child victim testify as I believed that such testimony would do nothing more than bolster the State's evidence.

(Adm. R., State Habeas R. 115-17, ECF No. 23-21.)

The state habeas court rejected Petitioner's claim, found that trial counsel was not ineffective, and recommended denial of Petitioner's state habeas application. (Adm. R., State Habeas R. 114, ECF No. 23-21.) The recommendation was followed by the Texas Court of Criminal Appeals, which denied relief without a hearing or written order. (*Id.*, ECF No. 23-19.) In the absence of a written opinion or express findings of fact, this Court assumes the state courts applied the *Strickland* standard and made factual findings consistent with the courts' decision. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Schartzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997). Having reviewed the

15

record in its entirety, and assuming the state courts concluded that Petitioner failed to demonstrate one or both prongs of *Strickland*, the state courts' adjudication of the claim is not an unreasonable application *Strickland* in light of the evidence presented in state court. Even without considering *Strickland*'s first prong, nothing in the record suggests that calling the victim as a witness would have resulted in Petitioner's acquittal.

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a certificate of appealability, and any motions not previously ruled upon.

SIGNED October 4, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE